# NEW YORK COMMON PLEAS.

Douglass G. McCotter agt. Alexander McCotter and Alfred F. Beach.

The purchase of a judgment from the judgment creditor, *eo nomine*, is not affected by equities between him and his partner, without *notice thereof to the assignee*. It is not enough that a latent claim is urged against a purchase in good faith, without notice.

*New York General Term, July,* 1863.

Daly, Brady and Hilton, *Judges.*

This was an appeal from an order of Mr. Justice Daly, dissolving an *ex parte* injunction, obtained by the plaintiff against the defendants under these circumstances, viz: The defendant, Alexander McCotter, recovered a judg-

ment against the city of New York for over $141,000, for damages for breach of contract by the city in not completing what is called "the Ward's Island purchase." This case is now in the court of appeals. The defendants assert that the judgment was assigned over to Alfred F. Beach for value·received, without notice of the rights of the plaintiff.

The plaintiff filed his bill in this cause, claiming that he was a partner of the defendant, Alexander McCotter, in that contract with the city, and was entitled to a certain share of the profits thereof; he alleged further that the defendant Beach was an assignee, with notice of his rights, and that the defendants were negotiating with the city for about $125,000, and he prayed an injunction and receiver.

To these allegations full denials and answers were set up.

The case was argued before Judge DALY, who dissolved the injunction and denied the plaintiff's right to relief thereunder. From that decision an appeal was taken to the general term.

C. BAINBRIDGE SMITH, *for the appellant.*
DENNIS McMAHON, *for the respondents.*

BRADY, J. The interest of the plaintiff in the profits arising from the sale of the land mentioned in the complaint to the corporation, was merged by the judgment recovered by his father and partner, Alexander McCotter. The plaintiff, though interested in the transactions as a partner of Alexander, admitted the negotiations for a purchase and sale to be conducted in the name of the latter, and when the defendants, the corporation of New York, declined to take the land, also permitted the defendant, Alexander, his father, to bring an action in his (Alexander's) name, for a specific performance, and to recover

McCotter agt. McCotter.

a judgment in his name. The plaintiff acquiesced in these various incidents, all of which were calculated to convey, and must have established the belief that Alexander was the sole party in interest. Under such a belief, the defendant Beach purchased the judgment, and as an innocent purchaser he must be protected. This is an answer to the plaintiff's motion, without reference to many other circumstances, which show that this is not a case in which the injunction should be continued, even were there reason to believe that the defendant Beach knew of the plaintiff's claim when he purchased the judgment. In the view I take of this case, already expressed, it is not necessary, however, to array these circumstances. It is enough that a latent claim is urged against a purchase in good faith, without notice.

If the corporation had equities against the judgment, they could be urged against the defendant Beach, and they seem to have been by the appeal to the court of appeals. It is idle to say that the purchase of a judgment from the judgment creditor, *eo nomine*, is affected by equities between him and his partner, without notice thereof to the assignee.

The order appealed from should be affirmed, with $10 costs.